

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,570-01

### EX PARTE FRANCISCO VALLES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20150D02069-409-1 IN THE 409TH DISTRICT COURT
### EL PASO COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately to continue emphasizing the importance of appellate counsel's duty to provide timely and accurate information to clients regarding their right to file a *pro se* PDR following the resolution of their direct appeals. Here, Appellate counsel failed to inform Applicant of this right, thereby depriving Applicant of his ability to pursue review in this Court. This situation happens far too frequently and is a troubling sign that some appellate attorneys are failing

to properly communicate with their clients (particularly those who are incarcerated) regarding their right to seek discretionary review.

## I.     Background

Following Applicant's conviction for aggravated robbery in 2018, appellate counsel filed Applicant's direct appeal. On January 17, 2020, the court of appeals issued an opinion affirming Applicant's conviction. *Valles v. State*, No. 08-18-00061-CR, 2020 WL 255746 (Tex. App.—El Paso Jan. 17, 2020, no pet.) (not designated for publication). In his instant postconviction habeas application, Applicant alleges that, on January 21, 2020, appellate counsel mailed him a copy of the court of appeals' opinion but failed to notify Applicant of his right to file a *pro se* PDR. In support of his claim, Applicant submitted a copy of the letter he received, which states in its entirety: "Enclosed in this mailing is the Judgment and Opinion from the 8th Court of Appeals, for your records. Should you have any questions please feel free to contact our office." Applicant also submitted records from the Eighth Court of Appeals showing that counsel failed to submit any letter certifying his compliance with Texas Rule of Appellate Procedure 48.4, which governs counsel's obligation to provide notice to his client under these circumstances.

In response to Applicant's allegations, appellate counsel filed an affidavit stating that the prison had "denied [him] approval to make phone calls to [Applicant]" because his office uses "an internet telephon[e] provider, which the institution saw as a security risk." Counsel alleges that he informed Applicant of this problem and received authorization from Applicant to communicate through his uncle. Counsel affirms that he sent a letter to Applicant on January 21, 2020, containing a copy of the court of appeals' opinion. He

states that he received a letter from Applicant on February 3rd asking about the "next step." Instead of responding to Applicant in writing, counsel states that he "left a voicemail for [Applicant's] uncle . . . and told him that the deadline to file a PDR is February 16, 2020." A few hours later, counsel spoke with Applicant's uncle on the phone and, again, notified him of the filing deadline.[1]

In its findings of fact and conclusions of law, the habeas court concluded that Applicant was adequately informed of his right to file a *pro se* PDR and recommended denial of relief. The court based its recommendation on the fact that the trial court's "Notice to Defendant of Right of Appeal," dated June 5, 2018, contained a clause stating that Applicant has a right to file a *pro se* petition with this Court. The court also stated that appellate counsel:

> took further steps after [Applicant's] conviction was affirmed to, in a timely manner, provide [Applicant] with notice that his conviction had been affirmed, provide him with a copy of the opinion and judgment affirming his conviction, and to get word to him of the date by which he had to file his *pro se* PDR.

## II. Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of

---

[1] The record does not contain an affidavit from Applicant's uncle.

actually pursuing discretionary review, his appellate counsel still has the duty to advise him regarding his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification **shall be sent certified mail**, return receipt requested, to the defendant at his last known address. **The attorney shall also send the court of appeals a letter certifying his compliance with this rule** and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added).

Appellate counsel failed to comply with the requirements of the appellate rules. Counsel's duty is not discharged by merely passing off the obligation to inform his client to a family member. Instead, counsel "must *ensure* that *his client* has been informed of his right to file a *pro se* PDR . . . ." *Schulman*, 252 S.W.3d at 411 (emphasis added).[2] Further, based on counsel's affidavit, it is not even clear that he adequately informed Applicant's uncle of the right to file a *pro se* PDR; instead, he explains only that he informed the uncle of the filing deadline.

---

[2] A family member is not counsel's client and should not be treated as such. Even though counsel claims to have had Applicant's permission to communicate with Applicant's uncle regarding the case, discussing client matters with a family member can lead to breaches of attorney-client confidentiality. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.05(b)(1)(ii), (c)(1)–(2) (a lawyer shall not knowingly reveal a client's confidential information to anyone else without client authorization or consent); *see also id.* R. 1.08(e) & cmt 5 (any arrangement in which fees are paid for by a third party must conform with the attorney's duties of loyalty and confidentiality to the client). Moreover, Texas Rule of Appellate Procedure 48.4 is unambiguous in providing that counsel must notify his client *in writing* of the client's right to file a *pro se* PDR and to certify such notification in writing to the court of appeals.

The habeas court erroneously found that Applicant was adequately informed of his rights by relying, in part, on the trial court's "Notice to Defendant of Right to Appeal" from *two years before* the court of appeals issued its opinion. The inclusion of this boilerplate language in that document does not absolve appellate counsel of his duty to directly advise Applicant of his right to file a *pro se* PDR after the court of appeals issues its opinion. As Rule 48.4 clearly states, appellate counsel *must*: (1) send a copy of the court of appeals' opinion *and* notify his client of his right to pursue a *pro se* PDR "within five days after the opinion is handed down;" (2) send that notification via certified mail, with a return receipt requested; and (3) send the court of appeals a letter certifying compliance with Rule 48.4. Counsel failed to fulfill these obligations. Unfortunately, counsel's failure to abide by Rule 48.4 deprived Applicant of his opportunity to pursue an entire proceeding. *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform a client of his right to pursue a petition for discretionary review "deprive[d] him of an entire proceeding").

### III.   Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1).

Ultimately, appellate counsel's failure to properly communicate with clients about the status of their direct appeals is unfair to clients and falls short of the standard for professionalism set forth in the disciplinary rules. Not only this, but it results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that, by bringing attention to this issue, appellate attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

With these comments, I join the Court's opinion.

Filed: May 3, 2023

Publish